**COPY**

R E C E I V E D
U.S. DISTRICT COURT, E.D.N.Y.
IN CLERK'S OFFICE
LONG ISLAND COURTHOUSE

★ FEB 0 4 2002 ★

E N T E R E D

★————————★

Steven M. Feinberg, Esq.
50 Jericho Turnpike, Suite 205
Jericho, NY 11753
(516) 997-9797
(516) 338-9693 Fax
(0659)
Attorney for Defendant ARROW AVIATION CO., LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK: CENTRAL ISLIP

CV 02 750

SEYBERT, J.
BOYLE, M.

-------------------------------------------------------------------- X

NEW YORK HELICOPTER CHARTER, INC. and
MICHAEL ROTH,

                Plaintiff,

        -vs.-

AVIATION INVESTMENTS OF NEVADA, INC.,
ERIK G. TABB and ARROW AVIATION CO., LLC,

                Defendants.

-------------------------------------------------------------------- X

Civil Action No.:

NOTICE OF REMOVAL
(28 U.S.C. § 1446)

TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK: CENTRAL ISLIP

       1.      Arrow Aviation Co., LLC., is a defendant in the civil action brought on

December 26, 2001, in the Supreme Court of the State of New York, Nassau County.

Pursuant to provisions of Section 1441 and 1446 of Title 28 of the United Sates Code,

Arrow Aviation Co., LLC., removes this action to the United States District Court for the

Eastern District of New York, Central Islip, which is the judicial district and division in

which the action is pending.

       2.      The grounds for removal of this action are diversity of citizenship.

Removal of this action from the Supreme Court of the State of New York, Nassau County

to this court is proper under Section 1441 (a) of Title 28 of the United States Code

because this court would have had original jurisdiction of the action on the basis of

diversity of citizenship, Section 1332 of Title 28, had the action originally been brought in this court.

3.    Original jurisdiction on the basis of diversity of citizenship exists:

    a.    The plaintiff, New York Helicopter, Inc., is a corporation that is organized and incorporated under the laws of the State of New York, with its principal place of business in the County of Suffolk, State of New York.

    b.    The plaintiff, Michael Roth, is an individual that resides in the County of Nassau, State of New York and is the President of the plaintiff, New York Helicopter.

    c.    Defendant Arrow Aviation Co., LLC., is a corporation that is organized and incorporated in the State of Louisiana, with its only place of business located in Broussard County, in the State of Louisiana.

    d.    Defendant Aviation Investments of Nevada, Inc., is a corporation that is organized and incorporated under the laws of the State of Nevada, with its principal place of business in Las Vegas, Nevada.

    e.    Defendant Erik G. Tabb, is an individual that is a citizen of the City of Las Vegas in the State of Nevada.  Mr. Tabb, upon information and belief is the President and CEO of defendant Aviation Investments.

    f.    More than $75,000, exclusive of interests and costs, is in controversy in this action.

4.    Removal of this action is also proper under Section 1441(b) of Title 28 of the United States Code because, as specified above, no party properly joined in this as a

defendant is a citizen of the State of New York, the State in whose courts the action is currently proceeding.

5.    This Notice of Removal is timely under Section 1446(b) of Title 28 of the United States Code because the Amended Summons and Complaint in this action were served on January 11, 2002. This Notice of Removal is filed within 30 days of receipt of the Amended Summons and Complaint and is, therefore, timely under 28 U.S.C. § 1446(b).

6.    All state-court papers served on defendant Arrow at the time of removal, consisting of the Amended Summons and Complaint are attached.

Dated: February 1, 2002

Steven M. Feinberg, Esq. (0659)
Attorney for Defendant Arrow Aviation, Co.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------X   Index No. 009623/01
NEW YORK HELICOPTER CHARTER, INC. and
MICHAEL ROTH,
                                              Plaintiff
                                              designates
                         Plaintiffs,          Nassau County as
                                              the place of trial


          - against -                         **AMENDED**
                                              **SUMMONS**
AVIATION INVESTMENTS OF NEVADA, INC.
ERIK G. TABB and ARROW AVIATION CO.,          The basis of venue
LLC,                                          is plaintiff's
                                              address
                         Defendants.
------------------------------------------X

To the above named defendants:

     YOU ARE HEREBY SUMMONED to answer the complaint in
this action and to serve a copy of your answer on the
plaintiff's attorney within 20 days after the service of
this summons, exclusive of the day of service (or within 30
days after the service is complete if this summons is not
personally delivered to you with the State of New York);
and in case of your failure to appear or answer, judgment
will be taken against you by default for the relief
demanded herein.

Dated:     New York, New York
           December 26, 2001


                         Yours, etc.,
                         TULLO & DI BIAS LLP
                         _Trecia DiBias_____ ___
                         By: Trecia M. Di Bias, Esq.
                         Attorneys for Plaintiffs
                         67 Wall Street
                         Suite 2211
                         New York, New York  10005
                         (212) 709-8361

Defendants' Addresses:

AVIATION INVESTMENTS OF              ERIK G. TABB
NEVADA, INC.                         2326 Greenmountain Court
4511 West Cheyenne Avenue A510       Las Vegas, Nevada  89135
N. Las Vegas, Nevada  89030

ARROW AVIATION CO., LLC
101 Lafferty Drive
Broussard, Louisiana   70518

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

--------------------------------------------X

NEW YORK HELICOPTER CHARTER, INC. and        Index No.
MICHAEL ROTH,                                009623/01

                              Plaintiffs,        **AMENDED**
                                             **VERIFIED**
      - against -        **COMPLAINT**

AVIATION INVESTMENTS OF NEVADA, INC.,
ERIK G. TABB and ARROW AVIATION CO.,
LLC,

                              Defendants.

--------------------------------------------X

Plaintiffs, NEW YORK HELICOPTER CHARTER, INC. and MICHAEL ROTH, by their attorneys, TULLO & DI BIAS LLP, as and for its complaint, alleges as follows:

1. At all relevant times, plaintiff, NEW YORK HELICOPTER, INC. ("NY HELICOPTER"), was and is a corporation duly organized and existing under and by virtue of the laws of the State of New York, having offices at Republic Airport, Route 109, Farmingdale, New York 11735.

2. At all relevant times, plaintiff, MICHAEL ROTH ("ROTH"), was and is an individual residing at 204 Lindbergh Avenue, Oceanside, New York 11572.

3. At all relevant times, ROTH was and is the president of NY HELICOPTER.

4. At all relevant times, defendant, AVIATION INVESTMENTS OF NEVADA, INC. ("AVIATION"), was and is a foreign corporation organized and existing under the laws of the State of Nevada with offices at 4511 West Cheyenne Avenue, Suite A510, N. Las Vegas, Nevada 89030.

5. At all relevant times, defendant, ERIK G. TABB ("TABB"), is an individual residing at 2326 Greenmountain Court, Las Vegas, Nevada 89135.

6. Upon information and belief, and at all relevant times, TABB was and is the president of AVIATION.

3

7.    Upon information and belief, and at all relevant times, TABB was and is the vice-president of AVIATION.

8.    Upon information and belief, and at all relevant times, TABB was and is an officer of AVIATION.

9.    Upon information and belief, and at all relevant times, AVIATION is the alter-ego of TABB.

10.    Upon information and belief, and at all relevant times, AVIATION was a sham corporation created solely for the personal gain of TABB.

11.    At all relevant times, AVIATION transacted and does contract business within New York State.

12.    At all relevant times, AVIATION contracted and does contract to supply goods or services in New York State.

13.    At all relevant times, AVIATION regularly did and continues to do business in New York State.

14.    At all relevant times, AVIATION regularly solicited and continues to solicit business in New York State.

15.    At all relevant times, AVIATION engaged and continues to engage in a persistent course of conduct in New York State.

16.    At all relevant times, AVIATION derived and continues to derive substantial revenue from services rendered in New York State.

17.    At all relevant times, AVIATION derived and continues to derive substantial revenue from interstate commerce.

18.    At all relevant times, AVIATION derived and continues to derive substantial revenue from international commerce.

19.    At all relevant times, AVIATION owned and continues to own real property situated within New York State.

4

20.  At all relevant times, AVIATION used and continues to use real property situated within New York State.

21.  At all relevant times, AVIATION possessed and continues to possess real property situated within New York State.

22.  At all relevant times, TABB transacted and continues to transact business within New York State.

23.  At all relevant times, TABB contracted and continues to contract to supply goods or services in New York State.

24.  At all relevant times, TABB regularly did and continues to do business in New York State.

25.  At all relevant times, TABB regularly solicited and continues to solicit business in New York State.

26.  At all relevant times, TABB engaged and continues to engage in a persistent course of conduct as a result of which conduct TABB derives substantial revenue from goods used in New York State.

27.  At all relevant times, TABB engaged and continues to engage in a persistent course of conduct in New York State.

28.  At all relevant times, TABB derived and continues to derive substantial revenue from services rendered in New York State.

29.  At all relevant times, TABB derived and continues to derive substantial revenue from interstate commerce.

30.  At all relevant times, TABB derived and continues to derive substantial revenue from international commerce.

31.  At all relevant times, TABB owned and continues to own real property situated within New York State.

32.  At all relevant times, TABB used and continues to use real property situated within New York State.

33.  At all relevant times, TABB possessed and

5

continues to possess real property situated within New York State.

34.   At all relevant times, defendant, ARROW AVIATION CO., LLC ("ARROW"), was and is a foreign corporation organized and existing under the laws of the State of Louisiana with offices at 101 Lafferty Drive, Broussard, Louisiana 70518.

35.   At all relevant times, ARROW transacted and does contract business within New York State.

36.   At all relevant times, ARROW contracted and does contract to supply goods or services in New York State.

37.   At all relevant times, ARROW regularly did and continues to do business in New York State.

38.   At all relevant times, ARROW regularly solicited and continues to solicit business in New York State.

39.   At all relevant times, ARROW engaged and continues to engage in a persistent course of conduct in New York State.

40.   At all relevant times, ARROW derived and continues to derive substantial revenue from services rendered in New York State.

41.   At all relevant times, ARROW derived and continues to derive substantial revenue from interstate commerce.

42.   At all relevant times, ARROW derived and continues to derive substantial revenue from international commerce.

43.   At all relevant times, ARROW owned and continues to own real property situated within New York State.

44.   At all relevant times, ARROW used and continues to use real property situated within New York State.

45.   At all relevant times, ARROW possessed and continues to possess real property situated within New York State.

## BACKGROUND

46.   Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "45" above, as if same were more fully set forth herein.

47.   NY HELICOPTER is in the business of chartering helicopter transportation and sightseeing tours.

48.   Upon information and belief, and at all relevant times, AVIATION was and is in the business of purchasing and selling aircraft.

49.   Upon information and belief, and at all relevant times, TABB was and is in the business of purchasing and selling aircraft.

50.   Upon information and belief, and at all relevant times, ARROW was and is in the business of inspecting aircraft components.

51.   Upon information and belief, and at all relevant times, AVIATION did and does transact and conduct a substantial portion of its business with entities and individuals in New York State.

52.   Upon information and belief, and at all relevant times, AVIATION did and does transact and conduct a substantial portion of its business over the world wide web.

53.   Upon information and belief, and at all relevant times, ARROW did and does transact and conduct a substantial portion of its business with entities and individuals in New York State.

54.   Upon information and belief, and at all relevant times, ARROW did and does transact and conduct a substantial portion of its business over the world wide web.

55.   Upon information and belief, and at all relevant times, TABB did and does transact and conduct a substantial portion of his business over the world wide web.

56.   On November 15, 1999 AVIATION, as seller, and NY HELICOPTER, as buyer, entered into a contract (the

7

"contract"), concerning one helicopter, designated by the make and model, Bell 206 L1, the serial number 45477 and the registration number N5742N (the "helicopter").

57.   Said contract was drafted by AVIATION through its officers, directors, employees or agents.

58.   Said contract was authorized and consented to by AVIATION and TABB.

59.   Said contract was executed by Andy Concepcion, on behalf of AVIATION.

60.   Said contract was executed by ROTH on behalf of NY HELICOPTER.

61.   Said contract incorporated by reference exhibit "A" (the "equipment list"), which enumerated the equipment which AVIATION and NY HELICOPTER agreed the helicopter would contain.

62.   Said contract incorporated by reference a schedule of hours (the "schedule of hours") expended by each item of equipment contained in the helicopter.

63.   Pursuant to said contract, AVIATION agreed to receive and NY HELICOPTER agreed to pay the sum of $369,000.00 for the helicopter.

64.   Pursuant to said contract, and for the sum of $369,000.00, AVIATION agreed to sell to NY HELICOPTER a helicopter which contained all of the parts enumerated in the equipment list.

65.   Following the execution of said contract, NY HELICOPTER did tender to AVIATION and AVIATION did receive from NY HELICOPTER the sum of $369,000.00.

66.   Following the payment by NY HELICOPTER to AVIATION and the receipt by AVIATION from NY HELICOPTER the sum of $369,000.00, NY HELICOPTER and ROTH learned that the equipment contained in the helicopter had expended more hours than represented by the agreed upon schedule of hours.

67.   In connection with its purchase of the subject helicopter from AVIATION, NY HELICOPTER retained the

8

services of ARROW to inspect the component parts of the subject helicopter.

68.  NY HELICOPTER and ARROW entered into a contract for the services ARROW was to render in inspecting the component parts of the subject helicopter.

69.  ARROW did so inspect the component parts of the subject helicopter in connection with the purchase of the subject helicopter by NY HELICOPTER from AVIATION.

70.  Following its inspection of the component parts of the subject helicopter, ARROW reported to NY HELICOPTER regarding the condition and the extent of prior usage of the component parts in the subject helicopter.

71.  NY HELICOPTER relied upon ARROW's representations regarding the condition and the extent of prior usage of the component parts in the subject helicopter.

## FIRST CAUSE OF ACTION

72.  Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "71" above, as if same were more fully set forth herein.

73.  AVIATION and TABB have breached the contract by failing, neglecting and refusing to providing NY HELICOPTER and ROTH with a helicopter containing the equipment described in the equipment list and schedule of hours.

74.  AVIATION and TABB have since severed all forms of communication with NY HELICOPTER and ROTH.

75.  TABB has abused his position within AVIATION and has damaged NY HELICOPTER and ROTH by failing to provide NY HELICOPTER and ROTH with a helicopter containing the equipment described in the equipment list and schedule of hours.

76.  As a result of the breach of contract by AVIATION and TABB, NY HELICOPTER and ROTH have been damaged in an amount to be proven at trial, which is presently believed to be $500,000.00, together with the attorneys' fees, costs and disbursements of the instant action.

9

## SECOND CAUSE OF ACTION

77.   Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "76" above, as if same were more fully set forth herein.

78.   By reason of the foregoing, AVIATION and TABB breached their contractual duty to deal in good faith with NY HELICOPTER and ROTH pursuant to the terms of the subject contract.

79.   As a result of this breach of duty to deal in good faith by AVIATION and TABB, NY HELICOPTER and ROTH have been damaged in an amount to be proven at trial, which is presently believed to be $500,000.00, together with the attorneys' fees, costs and disbursements of the instant action.

## THIRD CAUSE OF ACTION

80.   Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "79" above, as if same were more fully set forth herein.

81.   AVIATION and TABB did fraudulently induce NY HELICOPTER and ROTH to enter into the aforementioned contract.

82.   AVIATION and TABB made material misstatements and misrepresentations of fact, which AVIATION and TABB knew, or had reason to know, were false, in order to induce NY HELICOPTER and ROTH to enter into the aforementioned contract.

83.   AVIATION and TABB made material misstatements and misrepresentations of fact, which AVIATION and TABB knew, or had reason to know, were false, in order to induce NY HELICOPTER and ROTH to tender to AVIATION and TABB the sum of $369,000.00.

84.   AVIATION and TABB made material misstatements and misrepresentations of fact, which AVIATION and TABB knew, or had reason to know, were false, regarding the condition of the equipment contained in the helicopter which was the subject matter of the aforementioned contract.

85. NY HELICOPTER and ROTH relied upon the representations made by AVIATION and TABB and but for these representations, NY HELICOPTER and ROTH would not have entered into the aforementioned contract for the subject helicopter.

86. As a direct result of the fraudulent representations and fraudulent inducement perpetrated by AVIATION and TABB upon NY HELICOPTER and ROTH, NY HELICOPTER and ROTH have been damaged in the sum of $500,000.00, together with the attorneys' fees, costs and disbursements of the instant action.

87. As a result of the fraud perpetrated by AVIATION and TABB upon NY HELICOPTER and ROTH, NY HELICOPTER and ROTH are entitled to punitive damages.

## FOURTH CAUSE OF ACTION

88. Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "87" above, as if same were more fully set forth herein.

89. AVIATION and TABB promised and represented to NY HELICOPTER and ROTH that AVIATION and TABB could and would satisfy their obligations under the terms of the subject contract. In fact, AVIATION and TABB were at all relevant times capable of performing their obligations under the terms of the subject agreement, but freely and voluntarily chose instead to provide NY HELICOPTER and ROTH with a helicopter with inferior equipment in order for AVIATION and TABB to obtain a greater advantage over NY HELICOPTER and ROTH in the subject transaction.

90. NY HELICOPTER and ROTH relied upon AVIATION and TABB's promises and representations to their detriment and have incurred substantial damages as a result of AVIATION and TABB's failure to fulfill their promises and representations.

91. By reason of the foregoing, NY HELICOPTER and ROTH have been damaged in the sum of $500,000.00, together with the attorneys' fees, costs and disbursements of the instant action.

## FIFTH CAUSE OF ACTION

92. Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "91" above, as if same were more fully set forth herein.

93. ARROW owed NY HELICOPTER a duty to inspect the component parts of the subject helicopter in a proper manner.

94. ARROW owed NY HELICOPTER a duty to inspect the component parts of the subject helicopter in such a manner as to detect the true and actual hours of prior usage of each and every one of those component parts.

95. ARROW owed NY HELICOPTER a duty to hire, train and supervise their employees, servants and agents so as to ensure that they carried out proper and satisfactory procedures pursuant to generally accepted practices, standards and customs, in compliance with all applicable rules, regulations, ordinances, statutes and sections thereof, with regard to the inspection of aircraft component parts.

96. ARROW, by and through its employees, agents and servants, breached its duty of reasonable care by failing to properly inspect the subject helicopter component parts for the purpose of determining the true and actual hours of prior usage of each and every one of those component parts.

97. ARROW, by and through its employees, agents and servants, was negligent and breached its duty of reasonable care in failing to detect the true and actual hours of prior usage of each and every one of those component parts.

98. ARROW, by and through its employees, agents and servants, was negligent and breached its duty of reasonable care in failing to report the true and actual hours of prior usage of each and every one of the component parts in the subject helicopter.

99. ARROW, was negligent and breached its duty of care to NY HELICOPTER by failing to hire and/or supervise properly trained personnel competent to detect and report the true and actual hours of prior usage of each and every one of the component parts the subject helicopter.

12

100. In purchasing the subject helicopter, the plaintiffs relied, to their severe detriment, upon the representations of ARROW, regarding its inspection of the component parts on the subject helicopter.

101. By reason of the aforesaid acts of negligence, the plaintiffs have incurred damages in an amount not less than $500,000.00 for which defendants are jointly and severally liable and such sum has not been paid by any of the defendants although same has been duly demanded.

102. Plaintiffs herein reserve the right to rely upon the principle of *res ipsa loquitor*.

### SIXTH CAUSE OF ACTION

103. Plaintiffs hereby repeat and reallege each and every allegation contained in paragraphs "1" through "102" above, as if same were more fully set forth herein.

104. Plaintiffs and ARROW had an agreement whereby ARROW was to properly inspect the components of the subject helicopter.

105. ARROW breached its agreement with the plaintiffs in that ARROW failed to properly inspect the components of the subject helicopter, to wit, ARROW failed to detect the true and actual hours of prior use on each and every one of the components in the subject helicopter.

106. ARROW breached its agreement with the plaintiffs in that ARROW failed to report the true and actual hours of prior use of each and every one of the component parts in the subject helicopter.

107. In purchasing the subject helicopter, the plaintiffs relied, to their severe detriment, upon the representations of ARROW regarding the condition and extent of prior usage of the components in the subject helicopter.

108. By reason of the aforesaid acts breaching the subject agreement between the plaintiffs and ARROW, the plaintiffs have incurred damages in an amount not less than $500,000.00 and such sum has not been paid by ARROW although same has been duly demanded.

WHEREFORE, NY HELICOPTER and ROTH demand judgment jointly and severally against AVIATION, TABB and ARROW, as follows:

a.    a determination that AVIATION and TABB have breached their contractual duties to NY HELICOPTER and ROTH;

b.    a determination that AVIATION and TABB have breached their duty to deal in good faith with NY HELICOPTER and ROTH under the terms of the subject contract;

c.    a determination that AVIATION and TABB have fraudulently induced NY HELICOPTER and ROTH to enter into said contract;

d.    a determination that AVIATION and TABB have made false promises and representations to NY HELICOPTER and ROTH which induced the detrimental reliance of NY HELICOPTER and ROTH upon those false promises and representations;

e.    a determination that ARROW was negligent in its inspection of the component parts in the subject helicopter to the plaintiffs' detriment;

f.    a determination that ARROW breached its agreement with NY HELICOPTER to inspect the component parts in the subject helicopter to the plaintiffs' detriment;

g.    on the first cause of action, judgment in the amount of $500,000.00;

h.    on the second cause of action, judgment in the amount of $500,000.00;

i.    on the third cause of action, judgment in the amount of $500,000.00 and punitive damages in the amount of $1,000,000.00;

j.    on the fourth cause of action, judgment in the amount of $500,000.00;

k.    on the fifth cause of action, judgment in the amount of $500,000.00;

l.    on the sixth cause of action, judgment in the amount of $500,000.00;

m.    the attorneys' fees, costs and expenses associated with the instant litigation; and

n.    such other and further relief as this Honorable Court shall deem just and proper.

Dated:    New York, New York
        December 26, 2001

Respectfully submitted,

TULLO & DI BIAS LLP

By: Trecia M. Di Bias, Esq.
Attorneys for Plaintiffs
67 Wall Street
Suite 2211
New York, New York 10005
(212) 709-8361

15

## VERIFICATION

STATE OF NEW YORK )
              *Nassau* ) ss.:
COUNTY OF ~~NEW YORK~~ )

TRECIA M. DI BIAS being duly sworn, deposes and states that she is a member of the law firm of TULLO & DI BIAS LLP, attorneys for plaintiff, NEW YORK HELICOPTER CHARTER, INC., that she has read the answer, knows the contents thereof, and that the same is true to her own knowledge, except as to matters therein stated upon information and belief, and as to those matters she believes them to be true; that the grounds of her belief as to all matters not stated upon her knowledge are the correspondence and other writings furnished to her by defendant and interviews with defendant and that the reason why this verification is not made by defendant is that defendant's residence is not in New York County, the County where your deponent's law firm maintains its office.

                           *Trecia DiBias*
                         TRECIA M. DI BIAS

Sworn to before me this
___ 26th ___ day of December, 2001

*signature*

NOTARY PUBLIC

KAREN C. JACKSON
Notary Public, State of New York
No. 01JA4988868
Qualified in Nassau County
Commission Expires 11/66/05

16

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK   )

: ss.:

COUNTY OF NEW YORK )

HOPE FERRO, being duly sworn, deposes and says that She is over the age of 18 years and resides in Nassau County and he is not a party to this action.

That on the 26th day of December, 2001 she served the within **Amended Summons and Amended Verified Complaint** on:

Biedermann, Hoenig, Massamillo and Ruff
90 Park Avenue
New York, New York  10016

in the above entitled action, by depositing a true copy thereof in a properly sealed postpaid wrapper, in a post office box regularly maintained by the Government of the United States addressed as follows:

DANIEL F. HAYES, ESQ.
Biedermann, Hoenig, Massamillo and Ruff
90 Park Avenue
New York, New York 10016

that being the address designated by them for that purpose upon the latest papers served by them in this action.

_____
**HOPE FERRO**

Sworn to before me this
26 day of December, 2001

_____
NOTARY PUBLIC

TRECIA DiBIAS
Notary Public State of New York
No. 02DI6042340
Qualified In Nassau County
Commission Expires May 22, 2002

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU                                        Index No.:  009623/01
_____

NEW YORK HELICOPTER CHARTER, INC.
                                                              Plaintiff(s),


                  -against-

AVIATION INVESTMENTS OF NEVADA, INC. , ERIK G. TABB and
ARROW AVIATION COMPANY, LLC                            Defendant(s).
_____

### AMENDED SUMMONS AND AMENDED VERIFIED COMPLAINT
_____

**TULLO & DI BIAS LLP**
Attorneys for Plaintiff
67 Wall Street, Suite 2211
New York, New York 10005
(212) 323-7961
(212) 658-9808 (fax)
_____

To:



Service of a copy of the within is hereby admitted.

Dated:            19
_____

**PLEASE TAKE NOTICE:**

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on            19
☐ NOTICE OF SETTLEMENT
that a            of which the within is a true copy will be presented for settlement to one of the judges
of the within named Court,            on      19    at      M.
Dated:

                                    Yours, etc.
                                    **TULLO & DI BIAS LLP**

UNITED STATES DISTRICT COURT                    Civil Action No.:
EASTERN DISTRICT OF NEW YORK: CENTRAL ISLIP

=================================================================

NEW YORK HELICOPTER CHARTER, INC. and MICHAEL ROTH,

        Plaintiff(s),

    -against-

AVIATION INVESTMENTS OF NEVADA, INC., ERIK G. TABB and
ARROW AVIATION CO., LLC.,

        Defendant(s).

=================================================================

# NOTICE OF REMOVAL

=================================================================

## STEVEN M. FEINBERG, ESQ. LLC.
Attorney For  Defendant Arrow
50 Jericho Tpke., Suite 205
Jericho, NY 11753
(516) 997-9797

=================================================================

TO:                                    Service of a copy of the within
Attorney for                                    is hereby admitted

                              Dated:

=================================================================

PLEASE TAKE NOTICE

☐   NOTICE OF ENTRY
     that the within is a (Certified) true copy of a Decision/Order duly entered in the
     office of the clerk of the  within named Court on January 7, 2002

☐   NOTICE OF SETTLEMENT
     That an Order of which the within is an true copy will be presented for
     settlement to the Hon._____, one of the judges of the within
     named Court, at _____ on _____, 19_____
     Dated_____           Yours, etc.,
                              STEVEN M. FEINBERG, ESQ. LLC.